UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER KYLE PRATER,<br><br>   Plaintiff,<br><br>   v.<br><br>IRVIN GOODWIN; HVEHF VETERAN CENTER,<br><br>   Defendants. | Case No.  5:14-cv-04876-HRL<br><br>**ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**<br><br>**ORDER SETTING FURTHER CASE MANAGEMENT CONFERENCE** |

The court having been advised that a volunteer attorney to conduct defendant Goodwin's deposition could not be obtained, the court's August 7, 2015 order referring plaintiff to the Federal Pro Bono Project is vacated and the stay is lifted.

The parties shall appear for a further case management conference on **October 27, 2015, 1:30 p.m.**  A further joint case management statement shall be filed no later than **October 20, 2015**.

Additionally, no later than **October 20, 2015**, defendants shall file a response to this order to show cause re this court's subject matter jurisdiction.  Defendants removed this matter from state court, asserting federal question jurisdiction under 28 U.S.C. § 1331 on the ground that this action "arises under claims for Invasion of Privacy, Discrimination and Civil Rights and other Constitutional violations."  (Dkt. 1, Notice of Removal ¶ 3).  Defendants bear the burden of demonstrating that removal is proper.  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241,

1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h).

On the record before this court, the basis for any constitutional claims against defendants---the sole asserted ground for this court's subject matter jurisdiction---is unclear. For example, insofar as plaintiff's complaint might be read to assert various constitutional claims under 42 U.S.C. § 1983, such claims would not be cognizable against private individuals and entities because such individuals and entities do not act under color of state law, an essential element of a § 1983 action. Gomez v. Toledo, 446 U.S. 635, 640 (1980); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); see also Rendell-Baker v. Kohn, 102 S. Ct. 2764, 2768-69 and n.6 (1982) (only state actors or private parties acting in concert with state actors are subject to a section 1983 suit). Defendants previously have represented to the court that any claims under the Eighth and Fourteenth Amendments do not apply to them "because they are a private, non-profit group and not state actors." (Dkt. 20 at 4-5).

Defendants shall, by the October 20 deadline, clarify the basis for their assertion of federal question jurisdiction. They shall provide whatever declarations or other evidence is necessary.

On the present record, there appears to be no basis for diversity jurisdiction under 28 U.S.C. § 1332 (and defendants never asserted diversity jurisdiction). Nevertheless, in their October 20 response, defendants shall confirm whether or not that is the case.

At this time, this court is seeking a response only from defendants inasmuch as they bear the burden of demonstrating federal jurisdiction and the information the court seeks likely is solely within defendants' knowledge or possession and control. **Accordingly, unless specifically directed to do so, plaintiff shall not file papers with the court in response to this order**. He will have an opportunity to discuss the matter with the court at the October 27 case management conference.

SO ORDERED.

Dated: September 17, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

2

1  5:14-cv-04876-HRL Notice has been electronically mailed to:

Christopher Kyle Prater    kcprater74@gmail.com

Jennifer J. Capabianco    jcapabianco@selmanbreitman.com, ttaylor@selmanbreitman.com