United States District Court
Northern District of California

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12   CHRISTOPHER PRATER,

Plaintiff,

13

14        v.

15   IRVIN GOODWIN, HVEHF VETERAN
     CENTER,
16

Defendants.

17

Case No.  5:14-cv-04876-HRL

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
DISCOVERY DISPUTE REPORTS**

Re: Dkt. Nos. 47, 48, 49, 51, 54, 55

18        Having reviewed plaintiff's discovery requests and defendant's objections, the court rules

19   on plaintiff's request for an order compelling discovery as follows:

20        **Interrogatories to Defendant Goodwin**

21        Plaintiff's motion to compel an answer to Interrogatory 1 is denied as moot because

22   defendant sufficiently answered it.

23        Plaintiff's motion to compel an answer to Interrogatory 2 is granted in part and denied in

24   part.  Defendant is correct that each of plaintiff's interrogatories include a number of discrete

25   subparts that count as separate interrogatories.  However, Interrogatory 2 does not exceed the

26   presumptive limit simply because defendant's *response* happened to include 16 individuals.

27   Accordingly, defendant shall supplement his answer to Interrogatory 2 by providing the requested

28   information for the 9th through 16th witnesses identified in response to Interrogatory 1.

Defendant's supplemental response shall be served by January 22, 2016.

Construing Interrogatory 3 as a request to identify witnesses that defendants may use to support their defenses, plaintiff's motion to compel an answer to this interrogatory is granted to the extent defendants did not already provide this information in their Fed. R. Civ. P. 26 initial disclosures.  See Fed. R. Civ. P. 26(a)(1)(A)(i).  However, defendants shall not be required to disclose any witnesses that they may use solely for impeachment.  Defendant's supplemental answer shall be served by January 22, 2016.  This discovery is otherwise denied because this court generally does not require disclosure of trial witnesses until just prior to the Final Pretrial Conference.

Plaintiff's motion to compel answers to the remaining interrogatories is denied on the grounds that the burden or expense of the discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources and relative access to information, and the importance of the discovery in resolving the issues; or, the interrogatories, including discrete subparts, exceed the presumptive limit.  Fed. R. Civ. P. 26(b), 33.

**Requests for Production**

Plaintiff's motion to compel the insurance information sought by Request 13 is granted inasmuch as that is information each party is required to provide as part of its Fed. R. Civ. P. 26(a) initial disclosures.  See Fed. R. Civ. P. 26(a)(1)(A)(iv).  Defendant shall produce the requested document (if any) by January 22, 2016.

Plaintiff's motion to compel the production of documents is otherwise denied.  Defendant sufficiently responded to Requests 1, 10, 14, and 16.  Requests 7 and 12 are denied as moot.  (*If* defendants intend to present any testifying experts, expert disclosures were due by November 16, 2015.  If no such disclosures were made, then that would indicate defendants do not intend to present expert testimony at trial.)  Requests 8-9 are denied insofar as this court generally does not require such information to be disclosed until just prior to the Final Pretrial Conference.  As for the remaining requests, they either do not specify the categories of documents sought with requisite particularity; seek irrelevant information; or, the burden or expense of the discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the

parties' resources and relative access to information, and the importance of the discovery in resolving the issues.  Fed. R. Civ. P. 26(b), 34.

SO ORDERED.

Dated:   January 11, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California

3

5:14-cv-04876-HRL Notice has been electronically mailed to:

Christopher Kyle Prater      kcprater74@gmail.com

Jennifer J. Capabianco      jcapabianco@selmanbreitman.com, ttaylor@selmanbreitman.com

United States District Court
Northern District of California