UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER KYLE PRATER,<br>Plaintiff,<br>v.<br>IRVIN GOODWIN, et al.,<br>Defendants. | Case No. 5:14-cv-04876-HRL<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO APPEAL**<br>Re: Dkt. No. 86 |

On March 24, 2017, this court granted summary judgment in favor of defendants and entered judgment that same day. On July 31, 2017, plaintiff Christopher Prater filed a Notice of Appeal, along with a motion for an extension of time to appeal, claiming that he did not receive notice of the judgment until May 18, 2017. Defendants oppose the motion. Although the court invited Prater to submit additional briefing on the matter, he did not to do so. Briefing has closed, and the matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, the court denies the motion.

Ordinarily, an appeal must be taken within 30 days after entry of judgment. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). Federal Rule of Appellate Procedure 4(a) is the exclusive means for relief from the expiration of the period to file a timely notice of appeal. In re Stein, 197 F.3d 421, 425-26 (9th Cir. 1999).

Prater seeks relief under Federal Rule of Appellate Procedure 4(a)(5), arguing that his motion is based on "excusable neglect." Rule 4(a)(5) provides that the district court may extend the time to file a notice of appeal, but only if the party moves for an extension within 30 days of the expiration of the time to file the notice and shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5). Prater cannot obtain an extension under Rule 4(a)(5) because he did not file his request within 30 days of the expiration of the time to file the notice of appeal.

Federal Rule of Appellate Procedure 4(a)(6) provides the exclusive means for an extension of time to appeal for failure to learn that judgment has been entered, In re Stein, 197 F.3d at 425, and provides as follows:

> (6) **Reopening the Time to File an Appeal**. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). If the motion to reopen is not filed within the deadline imposed by Rule 4(a)(6), the district court does not have authority under the rule to reopen or extend the time for filing an appeal. Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir.1994).

Prater claims that he did not receive notice of the court's judgment until May 18, 2017. The court finds no basis to conclude or reasonably infer that is true. Federal Rule of Civil Procedure 77(d) provides that notice must be served in accordance with Federal Rule of Civil Procedure 5(b). Rule 5(b) provides a number of ways of effecting service, including "sending it by electronic means if the person consented in writing." Fed. R. Civ. P. 5(b)(2)(E). At his request, Prater was given permission to e-file. (Dkt. 23). The court's docket indicates that upon filing of the summary judgment order and judgment, notice was automatically sent via email to Prater at kcprater74@gmail.com, the same address he continues to use and identify on his court

2

filings. Prater says that he would not have overlooked such an email. But, in order to rebut the presumption of receipt, Prater must submit evidence supporting a finding that he did not receive notice. Nunley v. City of Los Angeles, 52 F.3d 792, 796 (9th Cir. 1995). He provides no evidence that he did not receive notice of the judgment at or about the time it was entered on March 24, 2017, nor does this court find any basis to reasonably infer that he did not receive notice.[1]

In any event, Federal Rule of Appellate Procedure 4(a)(6)(B) states that a motion to reopen the time to appeal must be "filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*." Fed. R. App. P. 4(a)(6)(B) (emphasis added). Even assuming Prater did not receive notice until May 18, 2017, as he claims, his motion should have been filed no later than June 1, 2017. His request was filed too late to obtain an extension under Fed. R. App. P. 4(a)(6).

Based on the foregoing, Prater's request for an extension of time to appeal is denied.

SO ORDERED.

Dated: September 11, 2017

HOWARD R. LLOYD
United States Magistrate Judge

---

[1] As noted in this court's interim order, Prater apparently intended to submit a declaration in support of his motion, but he did not. This court gave him additional time to do so by August 14, 2017. No declaration was ever filed.

3

5:14-cv-04876-HRL Notice has been electronically mailed to:

Christopher Kyle Prater     kcprater74@gmail.com

Jennifer J. Capabianco     jcapabianco@selmanbreitman.com, rmartin@selmanlaw.com